## MÁRQUEZ *v.* AGUILÓ.

### Apelación procedente de la Corte de Distrito de Arecibo.

No. 5. Resuelto en Junio 9, 1905.

HIPOTECAS.—PROCEDIMIENTO PARA SU EJECUCIÓN.—La elección del procedimiento para el cobro de créditos hipotecarios, no puede quedar al arbitrio de la parte ejecutante, la que deberá ajustarse á la Ley Hipotecaria y su Reglamento, que establecen y regulan el procedimiento para el cobro de esos créditos y que derogó el establecido en la Ley de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rossy* (Manuel F.)

Abogado del apelado: *Sr. Suliveres* (Antonio.)

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del Tribunal.

La presente es una demanda ejecutiva promovida por Don Francisco Márquez Cuello contra Don Bernardo Aguiló Fuster, como deudor hipotecario, para cobrarle dos mil ciento cincuenta dollars de capital y quinientos más que se calculan para intereses legales y costas causadas y que se causen, ascendiendo en total la reclamación, á la cantidad de dos mil seiscientos cincuenta dollars.

Comenzó este juicio por un embargo de acuerdo con la antigua Ley de Enjuiciamiento Civil para ejecutar una hipoteca que pesa sobre una finca rústica radicada en el barrio de Bartolo, término Municipal de Lares perteneciente al demandado Aguiló quien en la fecha del otorgamiento de la escritura hipotecaria, 7 de Marzo de 1899, confesó adeudar á Márquez la cantidad de cinco mil novecientos sesenta pesos de moneda provincial y en garantía de dicha deuda hipotecó la finca de que se ha hecho referencia, comprometiéndose á satisfacer la deuda en plazos de los cuales solo abonó una pequeña cantidad. Se siguió el juicio por todos sus trámites y en 18 de Diciembre de 1903 se dictó sentencia por la Corte de Arecibo, desestimando las excepciones alegadas por el ejecutado y mandando seguir adelante la ejecución hasta la venta de la finca embargada y con su producto pagar el capital, intereses y costas.

Contra esta sentencia se interpuso recurso de apelación para ante esta Corte Suprema y en ella representó al apelante el Ledo. Don Manuel F. Rossy y al apelado el Abogado Don Antonio Suliveres Rivera.

Ante la Corte de Arecibo y ante esta Corte Suprema se han alegado varias razones conducentes á obtener la nu-

lidad del juicio ejecutivo. Pero se ha cometido un error fundamental y no es necesario considerar los demás que tienden al mismo fin.

El demandante parece que entiende, y la sentencia le dá la razón, que estando el crédito garantido con una hipoteca tiene el derecho de proceder sumariamente de acuerdo con la Ley Hipotecaria y su Reglamento ó seguir el juicio común ejecutivo de conformidad con la Ley de Enjuiciamiento Civil anterior, es decir que puede elegir, según le convenga, uno ó otro procedimiento.

En dos casos esta Corte ha resuelto que cuando un crédito está garantido por hipoteca sobre bienes inmuebles debe seguirse para su cobro el procedimiento establecido en el art. 128 de la Ley Hipotecaria y 168 de su Reglamento. En dos dictámenes de los Sres. Juez Presidente y Juez MacLeary, esta Corte dice:

"Considerando que siendo la base de este juicio el cobro de un crédito hipotecario constituido por escritura pública de fecha catorce de Octubre de mil ochocientos novetna y nueve, cuando ya estaba vigente la Ley Hipotecaria que establece y regula el procedimiento por el cual se deduce el cobro de esos créditos; el procedimiento utilizado para él resulta vicioso é ineficáz por cuanto las disposiciones de la Ley de Enjuiciamiento Civil que el demandante ha utilizado para reclamar sus derechos no son de aplicar en ese caso si hay una ley posterior que las derogue como ocurre en el presente juicio; no pudiendo quedar á solicitud de la parte la elección del procedimiento."

Véase el caso de Pizá Hermano contra Mariano Alfaro Díaz, sentencia dictada en 3 de Junio de 1904, en un recurso de apelación interpuesto contra resolución de la Corte de Distrito de Ponce y el caso de Narciso Viader contra la Señora Quiñones de Laza, sentencia pronunciada en 21 de Diciembre de 1904, en un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Humacao.

Nosotros no vemos motivo alguno que justifique una

revocación de la doctrina sentada por dichas resoluciones, y de acuerdo con las mismas, debemos sostener que la sentencia dictada en este caso debe revocarse y desestimarse la demanda, sin perjuicio de los derechos del demandante á proceder para el cobro de su crédito de acuerdo con las disposiciones de la Ley Hipotecaria.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, MacLeary y Wolf.